In re TAYLOR CRUM.

June 1, 1898—July 11, 1899.

No. 11,227.

On May 19, 1898, Taylor Crum appeared before the State Board of Examiners in Law and made application for admission to practice as an attorney in the courts of Minnesota, presenting a certificate showing he had been a practicing attorney in North Dakota for more than five years. Thereupon the board voted that the applicant be notified it could not lawfully grant his application until the judgment of disbarment, rendered by the court of North Dakota, be removed or vacated or he be readmitted as an attorney of that state.

This action having been reported to this court, the following opinion was filed June 1, 1898:

PER CURIAM.

This is an application to be admitted to the bar of this court, un-

72 M.—26

der rule 1 of the rules for admission to the bar, which reads as follows:

"Attorneys of five years standing from any other state or territory of the United States or from said District of Columbia may, in the discretion of the board, be admitted without examination, further than of the papers presented by them to the board."

It appears from the report of the board of law examiners that the applicant was at one time an attorney in the state of North Dakota, of more than five years standing, but that before he made this application he had been permanently disbarred by the judgment of the district court of Cass county, North Dakota, which judgment had been affirmed on appeal to the supreme court of that state. It necessarily follows that the applicant is not now an attorney of five years standing from any other state, territory, or the District of Columbia; hence he cannot be admitted under the provisions of rule 1. The fact that he is an attorney of the district and circuit courts of the United States for the district of North Dakota does not bring him within the rule.

Application denied.

Thereafter on April 22, 1899, a second application was made to the state board to admit him to the bar of Minnesota, and the applicant presented a certificate of the supreme court of North Dakota, dated April 18, 1899, of his readmission to practice in that state. A majority of the board being of the opinion that he could be admitted to practice in this state upon the documents presented, without study in the office of a practicing attorney in this state or examination, the applicant was so notified. A protest against his admission from members of the bar at Moorhead having been received by the secretary of the board, on May 18, 1899, the board heard the applicant in support of his application and certain attorneys who appeared upon behalf of members of the bar of Moorhead against the application. At the conclusion of the hearing the board voted unanimously to recommend to this court that the application be denied, and the fee paid by the applicant was returned to and accepted by him. This vote having been reported to the court, the following opinion was filed on July 11, 1899:

PER CURIAM.

This is an application of Taylor Crum to this court for admission to the bar of this state notwithstanding the adverse report by the State Board of Examiners in Law. It appears from the records and files that Crum applied to the board of examiners for admission to the bar of this state under Rule 1, and not otherwise, as an attorney of five years standing from the state of North Dakota. It also appears that he was admitted to the bar in that state as early as 1890, and continued to practice as attorney at law in all the courts of that state from that time until February 10, 1898, when by a judgment of the district court of Cass county in that state he was adjudged guilty of certain charges against him and disbarred, which judgment was on appeal affirmed by the supreme court of that state; that subsequently on April 18, 1899, the latter court made an order readmitting him as an attorney and counsellor at law in all the courts of that state, upon his taking the oath of office, but not reversing or modifying the judgment previously rendered against him.

Upon this state of facts we are of opinion that Crum is not an attorney of five years standing of North Dakota within the meaning of Rule 1. To be admissible under that rule the applicant must be an attorney of the state from which he came at the time of his application and have been such continuously for five years immediately preceding such application.

Application denied.